IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL DIAZ, et al.,

    Plaintiffs,                                   No. CIV S-07-1351 LEW JFM P

    vs.

Warden D.K. SISTO, et al.,

    Defendants.                              ORDER

_____/

        Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  The court has determined that each plaintiff should proceed separately on his own claim.  The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

        In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at California State Prison Solano.  In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

        Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff Miguel Diaz will proceed in this action, while the other seven plaintiffs will proceed in civil

1

1  actions to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action
2  and will be solely responsible for his own action.
3       Plaintiffs also ask that this action proceed as a class action.  None of the plaintiffs
4  are attorneys and it is well established that a layperson cannot ordinarily represent the interests of
5  a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost
6  absolute when, as here, the putative class representative is incarcerated and proceeding pro se.
7  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot
8  "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the
9  Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).
10 For this reason and for the same reasons the court is severing plaintiffs' claims, plaintiffs' request
11 that this action proceed as a class action will be denied.
12      The Clerk of the Court will be directed to assign the new actions to the same
13 district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall
14 make appropriate adjustment in the assignment of civil cases to compensate for this
15 reassignment.
16      Plaintiffs also seek preliminary injunctive relief to "immediately order the
17 Defendants to prepare a written daily program for Facility 1, Level 3, to permit daily access at
18 6:00 a.m. and 5:30 p.m. for ALL diabetics herein."  (Complaint at 17.)  However, this court has
19 previously noted that administrative grievance records reflected "that a program for early release
20 of diabetics was being developed, and the medical records reflect plaintiff [Diaz] has been able to
21 attend clinic near the 6:00 a.m. and 5:30 p.m. release times on numerous occasions."  (Findings
22 and Recommendations, filed May 22, 2007, at 8, in Diaz v. Sisto, CIV S-04-2375 MCE JFM P.)[1]
23 Because there is some evidence of record that such a program is either in place or in

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  development, the court will not review this request at this time.  Each plaintiff should renew his
2  motion for injunctive relief within his amended complaint if appropriate.  Plaintiffs are cautioned
3  that the principal purpose of preliminary injunctive relief is to preserve the court's power to
4  render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal
5  Practice and Procedure, § 2947 (1973).  In addition to demonstrating that each plaintiff will
6  suffer irreparable harm if the court fails to grant the preliminary injunction, each plaintiff must
7  show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press
8  International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of
9  International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir.
10  1979).

11         In order to succeed on the merits of an Eighth Amendment claim, a plaintiff must
12  prove that he had a "serious medical need" and that defendants acted with "deliberate
13  indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is
14  serious if "the failure to treat a prisoner's condition could result in further significant injury or
15  the 'unnecessary and wanton infliction of pain'."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th
16  Cir.1992) (quoting Estelle, 429 U.S. at 104).  Deliberate indifference is proved by evidence that a
17  prison official "knows of and disregards an excessive risk to inmate health or safety; the official
18  must both be aware of the facts from which the inference could be drawn that a substantial risk of
19  serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 825, 837
20  (1994).  Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152
21  F.3d 1124, 1128 (9th Cir. 1998).  Mere differences of opinion between a prisoner and prison
22  medical staff as to appropriate medical care also do not give rise to a § 1983 claim.  Franklin v.
23  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition, specific charging allegations must be
24  alleged as to each named defendant.

25         The court will address any claims for preliminary injunctive relief if they are re-
26  pled in an amended complaint.

1  Plaintiffs have also requested the appointment of counsel. The United States
2 Supreme Court has ruled that district courts lack authority to require counsel to represent
3 indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298
4 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of
5 counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
6 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the
7 court does not find the required exceptional circumstances warranting appointment of counsel at
8 this time.
9  Finally, plaintiffs have not filed in forma pauperis affidavits or paid the required
10 filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). Plaintiffs will be provided the opportunity either
11 to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to
12 submit the appropriate filing fee in each of their respective cases.
13  In accordance with the above, IT IS HEREBY ORDERED that:
14  1. Plaintiffs' July 10, 2007 request that this action proceed as a class action is
15 denied.
16  2. Plaintiffs's July 10, 2007 motion for the appointment of counsel is denied.
17  3. The claims of plaintiffs Perry Woolf, F-01005, George Harmon, V-53331,
18 Darryl R. Poole, E52896, Samuel Lee White, D-46093, Stally, J-68819, Cedrick A. Walker, H-
19 05896, and Daniel R. Moreno, P-75073, are severed from the claims of Miguel Diaz.
20  4. Plaintiff Diaz shall proceed as the sole plaintiff in this case.
21  5. The Clerk of the Court is directed to:
22   a. Open seven separate civil actions for plaintiffs identified in #3 above;
23   b. Assign each action to the district judge and magistrate judge to whom
24   the instant case is assigned and make appropriate adjustment in the assignment of
25   civil cases to compensate for such assignment;
26   c. File and docket a copy of this order in each of the seven files opened for

4

1     the plaintiffs listed in number #3 above;

2         d. Place a copy of the complaint filed July 10, 2007, in each of the seven

3     files opened for the plaintiffs listed in number #3 above;

4         e. Strike from the caption of each plaintiff's complaint all plaintiffs'

5     names except the name of the individual plaintiff proceeding in the action;

6         f. Send all eight plaintiffs an endorsed copy of his complaint bearing the

7     amended caption and the case number assigned to his own individual action.

8     4. All eight plaintiffs' complaints are dismissed.

9     5. The Clerk of the Court is directed to send each plaintiff a new form for filing a

10 civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis

11 By a Prisoner.

12     6. Each plaintiff is granted thirty days from the date of service of this order to file

13 an amended complaint and an application to proceed in forma pauperis, using the forms provided

14 by the court with this order. Each plaintiff's documents must bear the docket number assigned to

15 his own individual case, and each complaint must be labeled "Amended Complaint." Each

16 plaintiff must file an original and two copies of his amended complaint. Failure to file an

17 amended complaint or a new application to proceed in forma pauperis in accordance with this

18 order will result in a recommendation that the plaintiff's action be dismissed.

19 DATED: July 24, 2007.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

001; diaz1351.2